# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRIS AND CHRISTOPHER MOUTON | CIVIL ACTION |
| VERSUS | NO: 10-1642 |
| BALBOA INSURANCE COMPANY D/B/A BALBOA INSURANCE GROUP | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Remand to State Court filed by plaintiffs, Iris and Christopher Mouton (Doc. #5), is **GRANTED,** and the matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

## BACKGROUND

Plaintiffs, Iris and Christopher Mouton, owned property in New Orleans, Louisiana that sustained damage as a result of Hurricane Katrina. At the time of the storm, the property was covered by an insurance policy provided by defendant, Newport Insurance Company, misnamed as Balboa Insurance Company d/b/a Balboa Insurance Group ("Newport"), that had a coverage limit of $81,017.00. Newport has paid plaintiffs $9,409.35, under the policy; therefore the available coverage is $71,607.65.

Plaintiffs filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana alleging that Newport has failed to fully compensate them for their property damage. Plaintiffs also allege that Newport was arbitrary and capricious in failing to timely pay their claim. Further, plaintiffs allege that the value of their claim against Newport does not exceed $75,000, including interest and costs.

Newport removed the action to the United States District Court for the Eastern District of Louisiana alleging jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Newport contends that the amount in controversy is greater than $75,000, because the available coverage limit is $71,607.65, and plaintiffs have made a claim for penalties and attorneys fees.

## ANALYSIS

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "To determine whether jurisdiction is present for removal, we consider the *claims in the state court petition as they existed at the time of removal*." Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)(citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), cert. denied, Torreblanca de Aguilar v. Boeing Co., 516 US 865 (1995))(emphasis added). Ambiguities are construed against removal because the removal statue should be strictly construed in favor of remand. Manguno, 276 F.3d at 723 (citing Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000)). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna, 200 F.3d at 339.

2

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868 (1993).

In Louisiana state courts, plaintiffs are not ordinarily allowed to plead a specific amount of money damages. The Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999). A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied. Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

If the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal. Allen, 63 F.3d at 1336. If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000. De Aguilar, 47 F.3d at 1412.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002). The defendant must do more than point to a state law that *might* allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes

that the actual amount in controversy exceeds $75,000. See De Aguilar, 47 F.3d at 1412 (emphasis in original).

As of the date of removal, the amount of the policy limit that was unpaid was $71,607.65. Plaintiffs have not stated the exact amount of their claim. However, they have alleged that their property sustained extensive wind and wind related damages, but that their claims do not exceed $75,000, inclusive of interest and costs. These facts demonstrate that the amount in controversy is less than $75,000. Further, plaintiffs' claims for penalties and attorneys fees is not considered in determining the amount in controversy because they does not allege facts, and Newport has not shown any facts, indicating the propriety of such penalties. Therefore, the court finds that Newport has not established the jurisdictional minimum amount in controversy, and consequently has not established subject matter jurisdiction.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand to State Court filed by plaintiffs, Iris and Christopher Mouton (Doc. #5), is **GRANTED,** and the matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this  16th  day of July, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**